EASTERN DIS.
August, 1832.

BOATNER
vs.
WALKER.

the vendee, cannot resist the exercise of the right on the part of the vendee.

---

BOATNER vs. WALKER.

APPEAL FROM THE COURT OF THE THIRD DISTRICT.

In a petitory action, if the plaintiff alleges that he derives his title by virtue of certain acts of Congress, and as assignee of another to whom a certificate had been given, the plaintiff may offer in evidence a certificate to him, in virtue of a purchase of his assignor.

The facts are stated in the opinion of the court, delivered by PORTER, J.

This is a petitory action. The plaintiff, after setting out the metes and bounds of the premises claimed by him, avers, "that his title to said land was derived from the government of the United States of America, by virtue of the several acts of congress relative to the settlement, adjustment, and location of the claims of lands situated in the district east of the Mississippi river and the island of New-Orleans, and as assignee of one Dickinson, who resided upon said land, at and before the fifteenth day of April, 1813, and to whom a certificate numbered — was given." On the trial, the plaintiff offered in evidence a certificate to the plaintiff, in virtue of a

40

EASTERN DIS.
*August,* 1832.

In a petitory action, if the plaintiff alleges that he derives his title by virtue of certain acts of congress, and as assignee of another to whom a certificate had been given, the plaintiff may offer in evidence a certificate to him in virtue of a purchase of his assignor.

purchase from Dickinson. This evidence was objected to, on an alleged variance between the proof and the averment of title in the petition. The court sustained the objection, and rejected the evidence. The plaintiff excepted.

We are of opinion the court erred. The plaintiff claims title to the land in the petition, as assignee of Dickinson under the acts of congress relative to the adjustment of land east of the Mississippi. These conferring a right in that capacity, formed the title; and whether the certificate issued in his name as assignee of Dickinson, or was in Dickinson's name and afterwards assigned to the plaintiff, was wholly immaterial to the issue joined between the parties. The evidence in either case supported the material averment in the petition, that the plaintiff claimed under the acts of congress, as assignee of Dickinson.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be reversed; and it is further ordered, adjudged, and decreed, that this case be remanded for a new trial, with directions to the judge not to reject the certificate in favor of the petitioner, and offered by him in evidence on the trial of this cause. It is further ordered, that the appellee pay the costs of this appeal.